**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2021[*]
Decided March 19, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-3209

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-cr-30064-01 |
| KRISTIN NORRIS, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Kristin Norris, a federal inmate with several health issues, sought compassionate release under 18 U.S.C. § 3582 because of his risk of severe complications if he contracts COVID-19. The district court acknowledged Norris's medical conditions but concluded that the sentencing factors under 18 U.S.C. § 3553(a) weighed against his release. Because the court did not abuse its discretion in denying Norris's motion, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Norris pleaded guilty in 2018 to conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and received a 132-month prison sentence, which he is serving at the Federal Correctional Institution Forrest City Low in Arkansas.

In August 2020, Norris moved for compassionate release under § 3582(c)(1)(A)(i). He argued that his underlying medical conditions—morbid obesity (BMI of 40.9), hypertension, and type 2 diabetes—place him at a higher risk of serious complications or death if he contracts COVID-19. He also asserted that officials at FCI Forrest City Low were not taking proper precautions to contain the spread of the virus. The government conceded that Norris's morbid obesity, in the context of COVID-19, constituted an extraordinary and compelling reason for his release, but contended that the § 3553(a) factors counseled against it. The government also argued that the Bureau of Prisons had adopted measures at its facilities to prevent the spread of COVID-19, including screening procedures for staff and inmates, and social distancing.

The district court denied the motion. It concluded that, although Norris's morbid obesity and type 2 diabetes increased his risk of severe complications from COVID-19, the § 3553(a) factors weighed against his release. The court pointed out that Norris had committed a serious crime (leading a conspiracy to distribute large quantities of methamphetamine) and that a greatly reduced sentence (8 years still remained on his below-guideline sentence) would not promote respect for the law, provide just punishment, or deter criminal conduct.

On appeal, Norris maintains generally that compassionate release is justified by his facility's unsafe conditions of confinement (the number of COVID-19 cases, he says, continue to rise among inmates and staff) and that his medical conditions will subject him to serious complications if he contracts the virus. But the district court acted within its discretion in denying relief. The court acknowledged the seriousness of Norris's health issues and the danger of COVID-19 inside prisons, but reasonably found those considerations were outweighed by the § 3553(a) sentencing factors—particularly, the seriousness of his involvement in the methamphetamine distribution scheme, and the deleterious impact that a reduced sentence would have on deterrence, promoting respect for the law, and providing just punishment. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

AFFIRMED